UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DAVID GOMEZ, individually and on behalf of all other persons similarly situated,

Plaintiffs,

- against -

MIDWOOD LUMBER AND MILLWORK, INC. and PINE SASH, DOOR & LUMBER CO., INC.,

Defendants.

Case No.: 17-cv-3064

**FLSA COLLECTIVE ACTION AND RULE 23 CLASS ACTION COMPLAINT**

The Named Plaintiff, by his attorneys, Virginia & Ambinder, LLP, alleges upon knowledge to himself and upon information and belief as to all other matters as follows:

**PRELIMINARY STATEMENT**

1. This action is brought pursuant to the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §207, and 216(b); New York Labor Law (hereinafter referred to as "NYLL") Article 19 § 663; NYLL Article 6 §§ 190 *et seq.*; and 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.2 to recover unpaid overtime compensation and damages arising from record-keeping violations owed to David Gomez (hereinafter referred to as the "Named Plaintiff"), and all similarly situated persons, for work they performed for MIDWOOD LUMBER AND MILLWORK, INC. ("Midwood") and PINE SASH, DOOR & LUMBER CO., INC. ("Pine Sash") (hereinafter collectively referred to as "Defendants").

2. Beginning in approximately May 2011 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of requiring Named Plaintiff and putative class members to regularly work in excess of forty (40) hours per

week, without providing overtime compensation, as required by applicable Federal and New York State law.

3. Beginning in approximately May 2011 and, upon information and belief, continuing through the present, Defendants have engaged in a policy and practice of failing to provide Named Plaintiff and putative class members with proper wage notices and statements, as required by applicable New York State law

4. The Named Plaintiff, on behalf of himself and all other similarly situated individuals, has initiated this action seeking unpaid overtime compensation and damages arising from record-keeping violations, plus interest, damages, attorneys' fees, and costs.

## JURISDICTION

5. Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337. This Court also has supplemental jurisdiction under 28 U.S.C. § 1367 of the claims brought under the New York Labor Law.

## VENUE

6. Venue for this action in the Eastern District of New York under 28 U.S.C. § 1391(b) is appropriate because a substantial part of the events or omissions giving rise to the claims occurred in the Eastern District of New York.

## THE PARTIES

7. Named Plaintiff David Gomez is an individual who resides in the state of New York, and who performed work for Defendants from approximately July 2016 through February 2017, as a truck driver.

8. Upon information and belief, Defendant Midwood Lumber and Millwork Inc. is a domestic corporation organized and existing under the laws of the State of New York, with

its principal place of business at 1100 Coney Island Avenue, Brooklyn, New York, 11230, and is engaged in the building material and supply distribution business.

9. Upon information and belief, Defendant Pine Sash, Door & Lumber Co., Inc. is a domestic corporation organized and existing under the laws of the State of New York, with its principal place of business at 102 53rd Street, Brooklyn, New York, 11232, and is engaged in the building material and supply distribution business.

## FLSA COLLECTIVE ACTION AND RULE 23 CLASS ALLEGATIONS

10. This action is properly maintainable as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), and as a Class Action under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as the "FRCP") with respect to the New York Labor Law claims asserted herein.

11. This action is brought on behalf of the Named Plaintiff and a class consisting of similarly situated employees who performed work for Defendants as drivers.

12. The putative class is so numerous that joinder of all members is impracticable. The size of the putative class is believed to be in excess of 25 employees. In addition, the names of all potential members of the putative class are not known.

13. The questions of law and fact common to the putative class predominate over any questions affecting only individual members. These questions of law and fact include, but are not limited to: 1) whether the Defendants failed to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week; and 3) whether the Defendants failed to provide proper wage notices and statements as required by New York state law.

14. The claims of the Named Plaintiff are typical of the claims of the putative class.

The Named Plaintiff and putative class members were all subject to Defendants' policies and willful practices of failing to pay overtime wages, at the rate of one and one half times the regular rate of pay, for all hours worked in excess of forty (40) hours in any given week, and failing to provide proper wage notices and statements.

15. The Named Plaintiff and his counsel will fairly and adequately protect the interests of the putative class. The Named Plaintiff has retained counsel experienced in complex wage and hour class action litigation.

16. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Named Plaintiff and putative class lack the financial resources to adequately prosecute separate lawsuits against Defendants. A class action will also prevent unduly duplicative litigation resulting from inconsistent judgments pertaining to the Defendants' policies.

**FACTS**

17. Beginning in or about May 2011, Defendants employed the Named Plaintiff and putative class members to perform work as truck drivers in furtherance of Defendants' distribution business.

18. Upon information and belief, Named Plaintiff and putative class members worked predominately or exclusively within the state of New York.

19. Upon information and belief, under 29 U.S.C. § 201, *et seq.*, and the cases interpreting same, Defendants constitute "enterprise[s] engaged in commerce."

20. Upon information and belief, Defendants' gross yearly revenues are in excess of $500,000.00.

21. Upon information and belief, Named Plaintiff and putative class members

constitute or constituted "employees," as that term is defined under 29 U.S.C. § 203(e), New York Labor Law § 651, and case law interpreting the same.

22. The payments made to Named Plaintiff and putative class members by Defendants constitute "wages," as that term is defined under New York Labor Law § 651.

23. Upon information and belief, Defendants distribute building materials and supplies, including but not limited to, wood and masonry products, and employed Named Plaintiff and putative class members as truck drivers.

24. Named Plaintiff David Gomez worked for Defendants from approximately July 2016 through February 2017.

25. Named Plaintiff typically worked a total of approximately 54.5 hours per week. Specifically, Named Plaintiff typically worked Mondays from 6:00 a.m. to 7:00 p.m., with a thirty (30) minute lunch break, and Tuesdays through Fridays from 6:00 a.m. to 5:00 p.m., with a thirty (30) minute lunch break.

26. Named Plaintiff's regular rate of pay was approximately $20.00 per hour. Upon information and belief, in an effort to avoid paying Named Plaintiff overtime at time and one-half his regular rate of pay and to avoid paying certain withholdings, including social security, Defendants paid Named Plaintiff as follows: approximately $9.00 per hour for the first forty (40) hours he worked in a week by check, with the remaining balance of $11.00 per hour in cash, and $20.00 per hour for all hours worked over forty (40) in cash. Accordingly, Named Plaintiff never received overtime pay at time and one-half his regular rate of pay.

27. Upon information and belief, Named Plaintiff and putative class members did not receive overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week. Moreover, Named

Plaintiff and putative class members did not receive proper wage notice statements.

28. Upon information and belief, Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain proper and complete timesheets or payroll records.

**FIRST CAUSE OF ACTION AGAINST DEFENDANTS:**
**FLSA OVERTIME COMPENSATION**

29. The Named Plaintiff repeats and re-alleges the allegations set forth in above.

30. Pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C § 207, "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

31. Further, pursuant to 29 U.S.C. § 203(d), an "employer" includes "any person acting directly or indirectly in the interest of an employer . . . ."

32. Named Plaintiff and putative class members are employees, within the meaning contemplated in Fair Labor Standards Act ("FLSA"), 29 U.S.C. §203(e).

33. Defendants constitute "employers" within the meaning contemplated in the FLSA, 29 U.S.C. § 203(d), and consequently, are liable for violations of the FLSA. § 203(d).

34. Defendants failed to pay the Named Plaintiff and putative class members all earned overtime wages, at the rate of one and one half times the regular rate of pay, for the time in which they worked after the first forty (40) hours in any given week.

35. Upon information and belief, the failure of Defendants to pay the Named Plaintiff and putative class members their rightfully owed overtime compensation was willful.

36. By the foregoing reasons, Defendants are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees and

costs.

## SECOND CAUSE OF ACTION AGAINST DEFENDANTS:
### NEW YORK STATE OVERTIME COMPENSATION

37. The Named Plaintiff repeats and re-alleges the allegations set forth above.

38. 12 NYCRR § 142-2.2 requires that "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate…"

39. NYLL § 663 provides that, "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees."

40. Defendants failed to pay Named Plaintiff and putative class members overtime wages for all hours worked over forty (40) in any given week, in violation of 12 NYCRR § 142-2.2 and NYLL § 663.

41. Upon information and belief, Defendants' failure to pay the Named Plaintiff and putative class members overtime compensation was willful.

42. Pursuant to NYLL § 651, the term "employee" means "any individual employed or permitted to work by an employer in any occupation."

43. As persons employed for hire by Defendant, the Named Plaintiff and putative class members are "employees" as understood in NYLL § 651 and case law interpreting the same.

44. Defendant is an "employer" within the meaning of NYLL § 651.

45. By the foregoing reasons, Defendants have violated NYLL §§ 650 *et seq*. and 663; and 12 NYCRR § 142-2.2, and are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus interest, attorneys' fees, and costs.

## THIRD CAUSE OF ACTION AGAINST DEFENDANTS:
## NEW YORK § 195(1) WAGE NOTICE VIOLATION

46. The Named Plaintiff repeats and re-alleges the allegations set forth above.

47. Pursuant to Section 195(1) of the NYLL, an employer is required to provide its employees at the time of hiring a notice containing information, such as, "the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; . . . the regular pay day designated by the employer . . .; [and] the name of the employer . . . . For all employees who are not exempt from overtime compensation . . . the notice must sate the regular hourly rate and overtime rate of pay."

48. Prior to February 2015, Section 195(1) also required an employer to provide a wage notice to its employees on or before February first of each year.

49. Pursuant to Section 198-1(b) of the NYLL, an employee that does not receive a wage notification, as required by NYLL § 195(1), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

50. Prior to February 2015, the maximum recovery under Section 198-(b) for a § 195(1) violation was $2,500.

51. Defendants did not provide Named Plaintiff and putative class members with a wage notification informing them of, among other things, (1) their regular rate of pay, (2) their overtime rate of pay, (3) the basis of their rate of pay (e.g., whether they were hourly employees), or (4) the regular pay day designated by Defendants.

52. Defendants violated NYLL § 195(1) by failing to provide Named Plaintiff and putative class members with wage notifications containing the information required by NYLL § 195, *et seq*.

53. Upon information and belief, Defendants' failure to provide Named Plaintiff and putative class members with wage notifications in violation of NYLL § 195 was willful.

54. By the foregoing reasons, Defendants are liable to the Named Plaintiff and putative class members in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

**FOURTH CAUSE OF ACTION AGAINST DEFENDANTS:**
**NEW YORK § 195(3) WAGE STATEMENT VIOLATION**

55. The Named Plaintiff repeats and re-alleges the allegations set forth above.

56. Pursuant to Section 195(3) of the NYLL, an employer is required to furnish each employee with a statement with every payment of wages that identifies, among other things, whether the employee is paid by the hour, shift, day, week, salary, piece, commission, or in another manner. For employees that are not exempt from overtime compensation under New York state law or regulation, such wage statement must also include "the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked."

57. Pursuant to Section 198-1(d) of the NYLL, an employee that does not receive a wage statement, as required by NYLL § 195(3), may bring a civil action to recover damages of $50 for each work day that the violation occurs or continues to occur, but not to exceed $5,000.

58. Defendants violated NYLL § 195(3) by failing to provide Named Plaintiff and putative class members with wage statements containing the information required by NYLL § 195(3).

59. Upon information and belief, Defendants' failure to provide Named Plaintiff and putative class members with wage statements in violation of NYLL § 195 was willful.

60. By the foregoing reasons, Defendants are liable to the Named Plaintiff and

putative class members in an amount to be determined at trial, plus interest, liquidated damages, attorneys' fees and costs.

**WHEREFORE**, Named Plaintiff, individually and on behalf of those similarly situated, demands judgment:

(1) on the first cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs,

(2) on the second cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs,

(3) on the third cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs,

(4) on the fourth cause of action against Defendants, in an amount to be determined at trial, plus interest, attorneys' fees and costs,

(3) any further relief the Court may deem appropriate.

Dated: New York, New York
May 22, 2017

**Virginia & Ambinder, LLP**

/s/ Lloyd R. Ambinder, Esq.
Lloyd R. Ambinder, Esq.
Michele A. Moreno, Esq.
40 Broad Street, 7th Floor,
New York, New York 10004
mmoreno@vandallp.com
Tel: (212) 943-9080
Fax: (212) 943-9082

*Attorneys for Plaintiff and the Putative Class*